UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-70-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| YUSEF BROWN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

On January 9, 2006, Defendant Yusef Brown plead guilty to conspiring to distribute and possess with intent to distribute heroin in violation of 18 U.S.C. § 846. [Record No.23] On September 5, 2006, he was sentenced by this Court to 151 months imprisonment and 3 years of supervised release. [Record No. 35] He filed his notice of appeal on November 27, 2006. [Record No. 38] However, because the appeal was untimely, the United States Court of Appeals for the Sixth Circuit dismissed the appeal, *sua sponte*, on December 15, 2006. Brown did not timely file a motion for collateral post-conviction relief pursuant to 28 U.S.C. § 2255.

Thereafter, on March 21, 2008, Brown filed a *pro se* "Appeal Pursuant to Rule 60-B (4)." [Record Nos. 41, 43] Initially, the "Appeal" was docketed as a Notice of Appeal and transmitted to the Sixth Circuit. On June 10, 2008, however, the Sixth Circuit remanded the purported appeal to this Court, finding that "it is unclear whether Brown's March 21, 2008 document was intended as a notice of appeal to this court or as a motion seeking relief from the district court." [Record No. 42] Accordingly, on June 11, 2008, this Court entered an Order permitting the

United States to respond to the Defendant's "Appeal" within thirty days. [Record No. 44] However, the United States failed to file any response, and the matter was submitted for consideration on July 14, 2008.

In his "Appeal Pursuant to Rule 60-B(4)," Brown asserts that he has a due process right to challenge his guilty plea, conviction and sentence. He claims that this Court lacked jurisdiction over him, that his counsel was ineffective as a matter of law, and that the Court lacked "jurisdiction to prosecute and indict him pursuant to the underlying statutes." [Record No. 43, pp 2-3] He requests that this Court "issue a habeas on all claims presented herein." [*Id.*, p.3]

Federal Rule of Civil Procedure 60(b)(4) permits a court "to relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4) (2008). However, "Fed. R. Civ. P. 60(b) does not apply in criminal proceedings." *United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) (citing *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)). Courts considering criminal defendants' motions pursuant to Rule 60(b) have repeatedly noted that, "[t]he Federal Rule of Civil Procedure 'unambiguously' limited [its] application to *civil* cases . . . and 'Rule 60(b) simply does not provide for relief from judgment in a criminal case.'" *Fair*, 326 F.3d at 1218 (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)).

In *United States v. Bender*, the Sixth Circuit noted that Rule 60(b) "may be used to seek relief from the denial of [a] § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case." *Bender*, 96 F. App'x at 1218. In the present case, Brown failed to timely file

a § 2255 motion in connection with his September 5, 2006 conviction, and Rule 60 is unavailable as a vehicle to challenge his conviction. *See United States v. Cabero*, 2005 U.S. Dist. LEXIS, at *3 (E.D. Tenn. 2005) (holding that Rule 6(b) provides no basis from bringing a motion to amend or reduce a sentence in a criminal case). Accordingly, it is hereby

**ORDERED** that Defendant Yusef Brown's motion for relief pursuant to Rule 60(b)(4) [Record No. 43] is **DENIED**.

This 13th day of August, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge