UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 05-cr-00070-DCR
CIVIL NO. 08-cv-07049-DCR

UNITED STATES OF AMERICA                                                              PLAINTIFF

VS:                              RECOMMENDED DISPOSITION

YUSEF BROWN                                                                          DEFENDANT

\* \* \* \* \*

On November 26, 2008, Defendant-Movant Yusef Brown filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* DE #49 Motion. The District Judge referred the matter to the undersigned. After conducting its initial review, per Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court perceived the motion as time-barred and provided notice and an opportunity for Defendant to avoid dismissal. *See* DE #50 Show Cause Order. Having received and reviewed Defendant's response, the Court recommends that, as a matter of initial review, the District Court dismiss Brown's § 2255 motion as time-barred.

**I. Background**

On January 9, 2006, Defendant pleaded guilty to violations under 21 U.S.C. § 841(a)(1) and § 846, namely, conspiring to "distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin." *See* DE #1 Indictment, at 2; DE #23 Rearraignment.

Defendant received a sentence of 151 months of incarceration and three years of supervised release on September 6, 2006. *See* DE #35 Judgment, at 2-3. Subsequently, Brown filed a notice

of appeal on November 27, 2006; the United States Court of Appeals for the Sixth Circuit dismissed the appeal on December 15, 2006, for lack of jurisdiction, as untimely filed. *See* DE #38 Notice; DE #39 Dismissal Order. Defendant did not file a certiorari petition with the United States Supreme Court.

On March 21, 2008, Brown filed a motion entitled Appeal Pursuant to Rule 60-B(4), which the Clerk initially docketed as a notice of appeal and directed to the Sixth Circuit. *See* DE #41 Misfiling. After the Sixth Circuit remanded the motion, the District Court issued an order allowing the United States to respond. *See* DE #46 District Court Order, at 1-2. The United States chose not to respond, and the matter became ripe for consideration on July 14, 2008. *See id.* at 2. On August 13, 2008, the District Court denied relief pursuant to Federal Rule of Civil Procedure 60(b)(4), because such relief applies only to civil cases. *See id.* at 2-3. Notably, the District Court indicated that while a party may sometimes use the rule to seek relief following denial of a § 2255 motion, such relief could not exist for Brown because he "failed to timely file a § 2255 motion."[1] *See id.*

Over three months after the District Court denied relief, Defendant filed the pending § 2255 motion. *See* DE #49 Motion. Defendant articulated two grounds for § 2255 relief, both of which allege improper application of the Sentencing Guidelines. *See id.* at 3. Defendant also invoked the "savings clause" of 28 U.S.C. § 2255(e), seemingly to validate his request for relief. *See id.*

On initial review, the Court perceived Brown's § 2255 motion as time-barred, with no apparent justification for equitable tolling. *See* DE #50 Show Cause Order, at 3-6. The Court

---

[1] In its initial summary of the record, the District Court stated, "Brown did not timely file a motion for collateral post-conviction relief pursuant to 28 U.S.C. § 2255." *See* DE #46 District Court Order, at 1. Thus, in its three-page opinion, the District Court twice noted Defendant's failure to file a timely § 2255 motion.

2

provided notice and an opportunity for Defendant to demonstrate the timeliness of his motion, in accordance with *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006). *See* DE #50 Show Cause Order, at 6-7. In his response, Brown merely argued that no statute of limitations applies to 28 U.S.C. § 2255(e); he did not address any of the factors comprising the equitable tolling analysis. *See* DE #51 Response to Order.

**II. Legal Analysis**

A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") subjects § 2255 motions to a one-year limitation period. *See* 28 U.S.C. § 2255(f). The statute provides:

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* Based on the § 2255 claims described, which generally allege improper use of the Sentencing Guidelines, subsection (1) appears to govern this matter.

According to the Sixth Circuit, "an unappealed district court judgment of conviction becomes 'final' tens days after the entry of judgment." *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *see also* FED. R. APP. P. 4(b)(1)(setting forth the time for filing a notice

of appeal in a criminal case). However, if a defendant files a direct appeal, the judgment of conviction is final ninety (90) days after the Court of Appeals enters its judgment. *See Clay v. United States*, 123 S. Ct. 1072, 1075 (2003)(holding "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). Additionally, while an untimely-filed appeal will toll the period of time between the filing date and the appellate judgment date, the limitations period continues to run from the time the district court judgment becomes final (10 days) until the date the defendant actually files an appeal. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006)("[A] motion for delayed appeal, even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending."); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)(holding, in the context of a § 2254 petition, "that although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion").

According to the record, the District Court sentenced Brown on September 5, 2006.[2] Defendant failed to file a timely appeal, and the judgment became final on September 20, 2006. *See* DE #39 Dismissal Order, at 1. Brown filed his notice of appeal on November 27, 2006, and the Sixth Circuit dismissed the appeal for lack of jurisdiction on December 15, 2006. *See* DE #38 Notice; DE #39 Dismissal Order. The defendant did not file a petition for a writ of certiorari.

---

[2]

The Clerk filed the judgment on September 6, 2006. *See* DE #35 Judgment. The Sixth Circuit, in determining the date by which Defendant should have filed his notice of appeal, used this date rather than September 5, 2006. *See* DE #39 Dismissal Order, at 1.

Based on these facts, the § 2255 limitation period began to run on September 20, 2006. After running for 68 days, it stopped on November 27, 2006 (the delayed notice of appeal date) and did not restart until March 15, 2007 (or 90 days after the Sixth Circuit judgment of December 15, 2006). Defendant took no further action, and the one-year limitation period expired, at the latest, on January 6, 2008.[3] Since Brown did not file his § 2255 motion until November 26, 2008 - over ten months too late - the Court finds that the pending motion is facially time-barred.

B. Equitable Tolling

Since the Court found that Defendant filed an untimely motion, the Court must determine whether the motion is nevertheless timely per the doctrine of equitable tolling. The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling is permissible. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In evaluating whether to toll the AEDPA limitation period, the Supreme Court has stated that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). To this end, the Sixth Circuit considers the following five factors: 1) the movant's lack of notice of the filing requirement; 2) the movant's lack of constructive knowledge of the filing requirement; 3) diligence; 4) absence of

---

[3] In its show cause order, the Court misstated its calculation of the date on which the statute of limitations expired. The limitations period actually ran for 68 days, not 41 days, between September 20, 2006 (the date Defendant's judgment became final) and November 27, 2006 (the date Defendant filed an untimely notice of appeal). The one-year statute of limitations expired on January 6, 2008, rather than December 6, 2007. This error would not affect the Court's preliminary finding that Brown's § 2255 motion, which he filed on November 26, 2008, was facially time-barred nor did it undermine Brown's ability to respond to the show cause order.

prejudice to the respondent; and 5) the movant's reasonableness in remaining ignorant of the legal requirement to file the claim. *See Allen*, 366 F.3d at 401; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) ("[T]he five factors . . . are not comprehensive, nor is each of the five factors relevant in all cases."). Since these "factors are not necessarily comprehensive," courts also evaluate a case for the existence of "extraordinary circumstances" sufficient to warrant equitable tolling. *See Rucker v. Bell*, No. 1:07-cv-152, 2008 WL 56025, at *4 (E.D. Tenn. Jan. 3, 2008).

Nothing in the record suggests that Defendant lacked actual or constructive notice of the filing requirement under 28 U.S.C. § 2255. Nor does the Court find any evidence of reasonable ignorance of the legal requirement to file the claim. By ignoring the equitable tolling analysis – despite express notice from the Court – Brown obviously fails to carry his burden under that doctrine.

Moreover, Defendant employed language in his initial motion implying that he likely knew about the statutory limitations period. For example, Brown's invocation of the "savings clause" of § 2255(e) indicates that Brown was concerned about the validity of his motion.[4] Furthermore, by predicating each ground for relief with the phrase "Actual and Factual Innocence," Defendant seems to be attempting to fall within the exception to the limitations period articulated by the Sixth Circuit in *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005)("[W]e hold that where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass

---

[4] Under this provision, a § 2255 motion "shall not be entertained if it appears that the applicant has failed to apply for relief . . ., or that [the sentencing] court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e).

through [AEDPA's] gateway and argue the merits of his underlying constitutional claims."). Brown, however, pleaded guilty and his argument really is *Booker*-related. Therefore, factors 1, 2, and 5 weigh against employing the equitable tolling doctrine.

The record also reflects a consistent lack of diligence by Brown in pursuing legal recourse for allegedly unconstitutional confinement. Defendant filed his notice of appeal approximately two months late. *See* DE #39 Dismissal Order. Once the Sixth Circuit dismissed his appeal as untimely, Brown did not file a petition for a writ of certiorari. Instead, he waited another fifteen months before filing a Rule 60 motion to void judgment. *See* DE #41 Misfiling. Finally, once the District Court denied relief on that motion, Defendant again waited over three months to file the pending § 2255 motion. *See* DE #49 Motion. Therefore, based on a review of the initial motion and Defendant's response to the show cause order, the Court finds that the doctrine of equitable tolling does not apply to spare Brown's § 2255 motion.

### III. Recommendation

For the reasons discussed above, the Court recommends that the District Court DISMISS Defendant Brown's § 2255 motion as time-barred.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within ten days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of

Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 3rd day of February, 2009.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge