UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 05-70-DCR |
| | ) | Civil Action No. 6: 08-7049-DCR |
| V. | ) | |
| | ) | |
| YUSEF BROWN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Recommended Disposition filed by United States Magistrate Judge Robert E. Wier on February 3, 2009 [Record No. 52], and the objections to the Recommended Disposition filed by Yusef Brown. [Record No. 53] Magistrate Judge Wier has recommended that Brown's habeas petition be dismissed under the one-year limitations provision of 28 U.S.C. § 2255(f). Brown objects to this recommendation because he contends that his petition should be evaluated under 28 U.S.C. §2241, as opposed to §2255. Therefore, he asserts that the Magistrate Judge's analysis is faulty and that the Court should apply the savings provisions of 28 U.S.C. §2255 in evaluating his claims.

Because Brown is seeking to challenge the sentence imposed by the Court (as opposed to the execution of the sentence), and because he cannot establish a claim of factual innocence, his argument is misplaced. As the Magistrate Judge properly concluded, Brown's petition must be evaluated as a claim under 28 U.S.C. § 2255 and dismissed because he has not filed a timely

petition and because he has failed to establish that equitable tolling of the one-year statute of limitations is applicable.

## I. Relevant Facts

Petitioner Brown did not contest his guilt at trial. Instead, on January 9, 2006, he entered a guilty plea to a charge of distributing and possessing with intent to distribute a mixture or substance containing heroin. [Record No. 23] Brown was sentenced on September 5, 2006, to a term of imprisonment of 151 months with a three-year term of supervised release to follow. [Record No. 35] He did not file a timely notice of appeal. Instead, Brown attempted to file a tardy appeal with the United States Court of Appeals for the Sixth Circuit on November 27, 2006. On December 15, 2006, the Sixth Circuit dismissed Brown's appeal as untimely.

Brown did not attempt to appeal the Sixth Circuit's decision to the United States Supreme Court. Instead, approximately fifteen months later, he filed a motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure. The Clerk of the Court docketed this motion as an appeal based upon the title given to it by Brown. However, the Sixth Circuit remanded the motion to this Court for further consideration. On August 13, 2008, this Court denied the relief sought by Brown. Three months later, Brown filed the current petition.

Brown attempts to circumvent the one-year period for filing petitions under 28 U.S.C. § 2255(f) by claiming that his petition is being filed 22 U.S.C. § 2241 and that the savings provision of § 2255 is applicable. [Record No. 49] Further, while Brown attempts to assert in his petition that he is claiming "actual and factual innocence," it is clear that he is seeking to challenge application of certain provision of the United States Sentencing Guidelines which were

used to determine his guideline range. In other words, his petition seeks to challenge the sentence imposed by the Court. Brown's form petition identifies the following grounds supporting the relief sought:

> **GROUND ONE:** <u>Actual and Factual Innocence of the Mandatory use of the United States Sentencing Guidelines Section 2D1.1(b)(3) when at sentencing the court applied a two-level increase.</u>
>
> (a) Supporting facts: <u>On September 05, 2006, during sentencing the court adopted the PSR ¶ 43 and applied a two-level increase under Section 2D1.1(b)(3) which increased the level from 14 to 16.</u>
>
> **GROUND TWO**: <u>Actual and Factual Innocence of the Mandatory use of the United States Sentencing Guideline Career Offender as defined in Section 4B1.1 increasing my offense level to a level 29 for purposes of guideline calculations.</u>
>
> (a) Supporting facts: <u>On September 05, 2006, during sentencing the court adopted the PSR and applied a 13 level increase under Section 4B1.1.</u>

[*See* Record No. 49, p. 3.]

**II.    Procedural History**

On February 3, 2009, United States Magistrate Judge Robert E. Wier filed a Recommended Disposition which fully evaluated Brown's claims under 28 U.S.C. § 2255. After outlining the relevant facts and filing dates, Magistrate Judge Wier concluded that Brown's current petition was filed outside the one-year limitations period provided by 28 U.S.C. §2255(f)(1). Magistrate Judge Wier then proceeded to evaluate whether equitable tolling should apply under the facts presented. After concluding that it should not, he recommended that the petition be dismissed as untimely. [Record No. 52]

On February 13, 2009, Brown filed two objections to the Magistrate Judge's Recommended disposition. [Record No. 53] First, he contends that the Magistrate Judge

erroneously refers to 28 U.S.C. §2255(f) in evaluating the timeliness of his petition. He argues that, because his petition has been filed under 28 U.S.C. §2241, the savings provision of §2255 is applicable. Second, he asserts that the Magistrate Judge's discussion of equitable tolling is an improper characterization of his argument. Having reviewed both arguments, the Court concludes that Brown is incorrect in both respects.

### III. Analysis

Brown's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by prisoners to challenge decisions affecting the manner in which their sentences are being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). It is not generally available to challenge a conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. In the present action, Brown attempts to claim that his Section 2255 remedy is inadequate or ineffective to accomplish this, thus invoking Section 2255's savings clause. However, before Brown's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective."

Section 2241 is not a "catch all" remedy that may be invoked for simple convenience. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). Instead, it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756. The Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit a habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id*.

at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.") In other words, a petitioner may only use §2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

It is apparent that Brown's claim is not a claim of "actual innocence." Although he parrots the language of "actual and factual innocence" in his petition, it is clear that Brown is attempting to challenge the Court guideline calculation and ultimate sentence. His claim is not based upon a change in the law occurring after his conviction and imposition of sentence. Likewise, Brown is not attempting to assert a claim that he is actually innocent of the charge of distributing and possessing with intent to distribute a mixture or substance containing heroin. Thus, he may not invoke the savings provision of 28 U.S.C. § 2255 in a thinly-veiled effort to assert a timely claim under 28 U.S.C. §2241.

While Brown has not addressed the equitable tolling discussion contained in the Magistrate Judge's Recommended Disposition, the undersigned has again reviewed his analysis in light of the undisputed facts and finds that the analysis completely on point. Brown's petition must be considered under 28 U.S.C. § 2255, and under this section, he has failed to file his

petition within the applicable one-year period. Further, Brown has failed to explain why equitable tolling should be applied under the circumstances presented.

**IV.     Conclusion**

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

(1)     The Magistrate Judge's Recommended Disposition [Record No. 52] is **ADOPTED** and **INCORPORATED** herein by reference.

(2)     Defendant/Petitioner Yusef Brown's objections to the Magistrate Judge's Recommended Disposition [Record No. 53] are **OVERRULED**.

(3)     Defendant/Petitioner Yusef Brown's petition for a writ of habeas corpus [Record No. 49] is **DENIED**.

(4)     This action is **DISMISSED**, with prejudice, and stricken from the Court's docket.

(5)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 13th day of February, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge