UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| YUSEF BROWN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 08-7049-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

This matter is pending for consideration of Petitioner Yusef Brown's ("Brown") motion for relief from the Judgment filed February 17, 2009, denying his motion to alter, amend or vacate the sentence entered in his criminal action. [*See United States v. Brown*, U.S. Dist. Ct., E.D. Ky., Southern Div. at London, No. 6: 05-70-DCR; Record Nos. 54 and 55] For the reasons discussed herein, Brown's motion will be denied.

**I.**

Brown was indicted on September 29, 2005, and charged with a conspiracy to distribute and possess with intent to distribute heroin and distribution of heroin in violation of 18 U.S.C. §§ 846, 841(a)(1). [*Id.*; Record No. 1] He subsequently entered a guilty plea to the conspiracy charge on January 9, 2006. [*Id.*; Record No. 23] Brown did not file a timely appeal following entry of the judgment in his criminal case. Instead, on November 27, 2006, Brown filed a *pro se* notice of appeal (dated November 9, 2006). On December 13, 2006, Brown's appeal was

dismissed by the Sixth Circuit as untimely in accordance with Rule 4(b)(1) of the Federal Rules of Appellate Procedure. [*Id.*; Record No. 39]

On March 21, 2008, Brown filed with this Court a motion seeking to challenge the judgment entered in his criminal case under Rule 60(b)(4) of the Federal Rules of Civil Procedure. [*Id.*; Record No. 43] According to Brown, relief under that rule was appropriate because, he contended, the Court lacked jurisdiction over him and his counsel was ineffective. By Order entered August 13, 2008, the Court denied Brown's motion. As discussed in the Memorandum Opinion and Order entered on that date, Federal Rule of Civil Procedure 60(b) does not apply in criminal proceedings. [*Id.*; Record No. 46 at p. 2, citing *United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004), and *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2004).] Instead, "[t]he Federal Rule of Civil Procedure 'unambiguously' limit[s] [its] application to *civil* cases . . . and 'Rule 60(b) simply does not provide relief from judgment in a criminal case.'" *Fair*, 326 F.3d at 1218 (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)). In *United States v. Bender*, *supra*, the Sixth Circuit noted that Rule 60(b) "may be used to seek relief from the denial of [a] § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case." *Bender*, 96 F. App'x at 1218. Therefore, the Court denied Brown's motion for relief under Rule 60(b)(4). [*Id.*]

Brown subsequently submitted a letter to the Court dated August 13, 2008. This letter was received and filed in the record on August 21, 2008. Through this letter, Brown asks the Court to enter a default judgment on his Rule 60 motion based on the United States' failure to respond to the motion. [*Id.*; Record No. 48] Several months later, Brown filed a motion

captioned "Motion to Vacate Sentence Under the 'Savings Clause' Under Title 28 U.S.C. § 2255(e)." [*Id*.; Record No. 49] On December 22, 2008, United State Magistrate Judge Robert E. Wier directed Petitioner Brown to show cause why his most recent filing was not time-barred. [*Id*.; Record No. 50] As Magistrate Judge Wier noted in his Order, the time for Brown to file a petition under § 2255 began to run on September 20, 2006. After running for 41 days, it stopped on November 27, 2006, and did not restart until March 15, 2007. Because Brown took no further action, his time for filing a habeas petition expired on December 6, 2007. Thus, it appeared that his motion was time-barred by nearly eleven months. [*Id*. at pp. 3-4] Ultimately, the Magistrate Judge recommended that Brown's § 2255 petition be dismissed as untimely. [*Id*.; Record No. 52] On February 17, 2009, the Court adopted the Magistrate Judge's Recommended Disposition and dismissed Brown's petition. [*Id*.; Record No. 54]

On March 20, 2009, Brown filed a notice seeking to appeal the dismissal of his habeas petition. [*Id*.; Record No. 56] However, on October 6, 2009, the Sixth Circuit affirmed this Court holding that Brown's filed his § 2255 petition well beyond the one-year limitations period and that he was not entitled to assert equitable tolling. [*Id*.; Record No. 60]

Brown most recent motion was filed on May 17, 2010. [*Id*.; Record No. 61] Through this filing, he attempts to raise two new issues under Rule 60(b)(6) of the Federal Rules of Civil Procedure. First, he contends that it was error for the Court to sentence him under Section 4B1.2 of the United States Sentencing Guidelines. [*Id*.; at pp. 2-4] Next, he asserts that an assault conviction used as a predicate offense for determining his status as a career offender was not an

aggravated felony under *Begay v. United States*, 553 U.S. 137 (2008)[1], and other recent Supreme Court decisions. [*Id.*; at pp. 5-6] According to Brown, Rule 60(b)(6) provides an avenue for relief and is not subject to the one-year limitations period applicable to motions filed under Rule 60(b)(1)-(3) of the Federal Rules of Civil Procedure.

**II.**

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that, on motion, the Court may relieve a party from the effects of a final judgment for any other reason that justifies relief other than those enumerated in subsections (b)(1) through (b)(5). However, contrary to Brown's argument, Rule 60(b)(6) does not provide a basis for relief due to a change in the law. 12 *Moore's Federal Practice,* § 60.46[2] (Matthew Bender 3d ed.). While some courts hold that a change in the law may be classified as a "mistake" of law made by the trial court and that relief may be available under Rule 60(b)(1), such a motion is limited to the time constraints imposed on that subsection of the rule.[2] *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985) ("This court has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1). . . . A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal."); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (alleged legal error is not a basis for relief from a judgment under the catch-all provision of Rule 60(b)(6)). As the Sixth Circuit has explained:

---

[1]  *Begay* was decided by the Supreme Court on April 16, 2008. Brown's Rule 60 motion was filed on May 17, 2010 – more than two years after the decision in *Begay* became final. Thus, regardless of whether the Court applies a one year time limit or a reasonable time standard to Brown's motion, it is untimely.

[2]  Rule 60(c) provides that a motion made under Rule 60(b) must be "made within a reasonable time – and for reasons (1), (2), and (3) no more that a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P., Rule 60(c).

> There is authority for the view that the word "mistake" as used in Rule 60(b)(1) encompasses . . . judicial mistake as to applicable law. [citations omitted] Those courts that have found errors of law to be a ground for Rule 60(b)(1) relief, recognizing the effects their view has on Rule 59(e) and finality of judgments, have considered carefully what is a "reasonable time" for seeking reconsideration of a point of law . . . . [citations omitted] This court is persuaded that the better view is to allow reconsideration of a point of law under Rule 60(b)(1) when relief from judgment is sought within the normal time for taking an appeal. [citations omitted] This view serves the best interest of the judicial system by avoiding unnecessary appeals and allowing correction of legal errors if and when made and the trial court has been satisfied that an error was committed.

*Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir. 1983).

In the present case, Brown seeks relief from this Court's dismissal of his habeas petition on February 17, 2009. Thus, his current motion for relief under Rule 60(b) was not filed until fifteen months later. Under Rule 60(c), the current relief sought is clearly untimely. In addition to being untimely, this Court has previously determined that the Supreme Court's holding in *Begay* should not be applied retroactively. *United States v. Jones*, 2010 U.S. Dist. LEXIS 160, *8-*21 (E.D. Ky., Jan. 4, 2010). However, this Court need not revisit that issue to deny the relief sought here by the Petitioner.[3]

## III.

Petitioner Yusef Brown has previously filed a habeas petition seeking to challenge his sentence. However, both this Court and the Sixth Circuit have rejected his claims. Brown's

---

[3] In its response, the United States correctly points out that the Petitioner is essentially attempting to file a successive § 2255 petition. Under well-established authority, Brown must first obtain permission from the Sixth Circuit before seeking such relief. [*Id.*; Record No. 62] Likewise, Brown cannot attempt to challenge his classification as a career offender because that claim is procedurally defaulted and Brown cannot establish cause and prejudice or that he is actual innocent of the charge of conviction. *Bousley v. United States*, 523 U.S. 614, 619 (1998); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *United States v. Gibson*, 2010 WL 502765 at *4 (E.D. Ky., Feb 8, 2010) (amendment of Rule 60(b) claim to a claim under § 2255 would be futile because the defendant procedurally defaulted the claim and cannot demonstrate cause for the procedural default or actual innocence).

current challenge is subject to the one-year limitation contained in Rule 60(c) of the Federal Rules of Civil Procedure. Therefore, it is time-barred. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Yusef Brown's motion to modify his sentence pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [Record No. 61] is **DENIED**.

2. The Clerk of the Court is also directed to file a copy of this Memorandum Opinion and Order in Criminal Action No. 6: 05-70 styled, *United States v. Yusef Brown.*

This 19th day of July, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge