UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-70-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| YUSEF BROWN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of *pro se* Defendant Yusef Brown's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 71] The defendant seeks this reduction based upon proposed amendments to the United States Sentencing Guidelines that soon will become applicable to most drug convictions. Brown was originally sentenced to a term of incarceration of 151 months on September 5, 2006. [Record No. 35] Having reviewed the record of this proceeding, the Court determines that a reduction of Defendant Brown's sentence is not warranted.

In 2004, Defendant Brown was an inmate at the Federal Correctional Institution in Manchester, Kentucky. [Record No. 26] The Presentence Investigation Report ("PSR") for provides, in part:

> 28. Brown asked [confidential source] Jamie what would be the going rate if he (Brown) sold grams of drugs in prison. Brown told the agent that Jamie said approximately $32,500.00, but Brown was not specific on the type of drug. Jamie had also mentioned that his wife had brought drugs into the FCI. Brown asked Jamie how much he could make on 1/4 ounce of heroin and Jamie told him about $1,800 inside the prison. Brown went on to say that

> Jamie asked Brown if he could get some heroin. Brown told Jamie that he did not know but would see if he could get some heroin.
>
> . . .
>
> 30. Brown, who was not sure of the date, later told Jamie that he could probably get a 1/2 ounce of black tar heroin for him. Brown told the agent that he asked his girlfriend [Jacques Shivers] if she could get some black tar heroin for him. Brown said that Shivers stated she would try.
>
> . . .
>
> 32. At some point, Brown decided to sell Jamie, through Shivers and Jamie's wife, some black tar heroin. Brown said that he hoped to make around $1,300 to $1,400 on the deal. Brown later told Shivers that he wanted her to meet Jamie's wife to set up the transaction. Brown also instructed Shivers that if and when she goes through with the transaction, to just send him a little bit of money at a time.

[Record No. 36, pp. 7-8] On August 15, 2004, Shivers sold over five grams of heroin to a Jamie's wife. [Record No. 36] Brown and his co-defendant were indicted on September 29, 2005, and charged with conspiracy to distribute and possession with intent to distribute heroin and distribution of heroin in violation of 18 U.S.C. §§ 846, 841(b)(1)(C). [Record No. 36, p. 3] Defendant Brown subsequently entered a guilty plea to the conspiracy and possession charge on January 9, 2006. [Record No. 35] No plea agreement was reached.

As previously noted, Defendant Brown was sentenced on September 5, 2006, to a term of incarceration of 151 months, followed by a term of supervised release of three years. [Record No. 35] At the time of his original sentencing, Brown's guideline range for imprisonment was 151 to 188 months. Defendant Brown argues that his sentence should be reduced based on the United States Sentencing Commission's proposed reduction to the drug tables contained in the United States Sentencing Guidelines. [Record No. 71]

The proposed reduction is expected to become effective November 1, 2014. While the Sentencing Commission has indicated that the revisions shall have retroactive effect,

offenders may not be released from custody pursuant to the amendments before November 1, 2015. (*See* Amendment 788 to USSG §1B1.10, effective November 1, 2014.) Thus, the question presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. Considering all relevant factors, the undersigned believes that such a reduction would be wholly inappropriate.

Although Brown was sentenced at the bottom of his original guideline range, a lower sentence would not be appropriate for several reasons. A reduction of the sentence originally imposed would unduly diminish the serious nature of Brown's offense: conspiracy to distribute and possession with intent to distribute heroin inside a federal correctional facility. Additionally, the Court considers the defendant's criminal history (Criminal History Category VI), which reflects, in part, his likelihood of recidivism and the danger Brown presents to the public. Brown accumulated a total of nine criminal history points from age 19 to age 30. [Record No. 36, pp. 11-15] His convictions include: assault, possession of marijuana, unlawful use of a weapon, and multiple counts of possession of a firearm by a felon. [Id.] In addition to these convictions, Brown's PSR indicates four additional arrests and a pending charge at the time of sentencing. In short, the likelihood that Brown will re-offend when released is substantial, and the corresponding danger he presents to the public is great. Here, neither deterrence nor respect for the law will be promoted by a reduced sentence.

In evaluating the present motion, this Court must seriously consider all other relevant statutory factors and independently determine whether a reduced sentence would be

"sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." These factors include the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from future crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Considering all relevant information, a reduction of Defendant Brown's sentence would not meet these statutory goals. A further reduction would not provide a just punishment for the defendant. And more importantly, it would not provide specific deterrence to Brown or general deterrence others inclined to commit similar offenses.

Finally, the Court notes that the United States Sentencing Guidelines are not binding. While the cost to incarcerate Brown is substantial, that cost is not a factor to consider under 18 U.S.C. § 3553, and it does not overcome the relevant considerations outlined above. Accordingly, it is hereby

**ORDERED** that Defendant Brown's motion for a reduction of his sentence [Record No. 71] is **DENIED**.

This 28th day of October, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge